# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CC CARE, LLC**, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 16 C 5765 |
| | ) |
| **FELICIA F. NORWOOD**, not individually, but solely in her capacity as Director of the **ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES**, | ) ) ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This Court has just had assigned to its calendar, under the computerized random assignment system established in this District Court, a ten-plaintiff action by nursing home operators against Felicia Norwood, not individually but solely in her capacity as Director of the Illinois Department of Healthcare and Family Services. Plaintiffs charge Director Norwood and her Department with asserted violations of their rights actionable under 42 U.S.C. § 1983 ("Section 1983").

Because the Complaint seeks only declaratory and injunctive relief, this Court assumes that plaintiffs seek to invoke the limitation established in Ex Parte Young, 209 U.S. 123 (1908) to the sovereign-immunity principle embodied in the Supreme Court's earlier expansion of the Eleventh Amendment's literal language in its opinion in Hans v. Louisiana, 134 U.S. 1 (1890). At the threshold this Court will accept that premise, although it is mindful of the principle set out in Virginia Office for Protection and Advocacy v. Stewart, 563 U.S. 247 (2011) that sovereign immunity continues to shield the state or one of its agencies (or as here, Director Norwood sued

solely in her official capacity) "when the judgment sought would expend itself on the public treasury or domain or interfere with public administration" (id. at 255) (internal quotation marks omitted) -- or put another way, "Ex Parte Young cannot be used to obtain an injunction requiring the payment of funds from the State's treasury, see Edelman v. Jordan, 415 U.S. 651, 666 (1974)" (id. at 256-57).

One added concern is worth mentioning at this threshold stage. If plaintiffs' claim were to be found successful, consideration would have to be given as to their ability to recover attorneys' fees and expenses under 42 U.S.C. § 1988 without running afoul of the sovereign immunity principle. With all that said, this Court is contemporaneously issuing its customary initial scheduling order.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: June 7, 2016